G. David Rubin (SBN 181293)
Laurence J.W. Tooth (*pro hac vice* pending)
LITCHFIELD CAVO LLP
2N. Lake Avenue, Suite 400
Pasadena, CA 91101-3003
Tel.:  626-683-1100
Fax:  626-683-1113
Email: rubin@litchfieldcavo.com
       tooth@litchfieldcavo.com

Attorneys for Plaintiff
The United States Automobile Association

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THE UNITED STATES AUTOMOBILE ASSOCIATION,<br>        Plaintiff,<br><br>v.<br><br>STEVEN BIAKANJA, THE ESTATE OF LISA BIAKANJA, by the through its co-administrators, KENNETH M. MCINTIRE and JOAN MCINTIRE; KENNETH M. MCINTIRE, individually, and on behalf of all wrongful death beneficiaries of Lisa Biakanja, Deceased; JOAN MCINTIRE, , individually, and on behalf of all wrongful death beneficiaries of Lisa Biakanja, Deceased; and CALIFORNIA DEPARTMENT OF TRANSPORTATION, a California public entity,<br>        Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

The United States Automobile Association ("USAA"), by and through undersigned counsel, brings this complaint seeking a declaration of the parties' rights and obligations under a contract of insurance and states as follows:

## NATURE OF THE SUIT

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

2. An actual and justiciable controversy exists between USAA and (a) the Estate of Lisa Biakanja (the "Estate") and (b) Steven Biakanja. This action will resolve a dispute as to whether a policy of insurance issued by USAA to Lisa Biakanja, now deceased, obligates USAA to defend or indemnify the Estate in connection with a creditor's claim filed by Steven Biakanja against the Estate in a probate action pending in the Superior Court of California, County of Monterey, Case No. 22PR000599 (the "Creditor's Claim").

3. An actual and justiciable controversy also exists between USAA and (a) the Estate and (b) the California Department of Transportation ("CalTran"). This action will resolve a dispute as to whether a policy of insurance issue by USAA to Lisa Biakanja, now deceased, obligates USAA to defend or indemnify the Estate in connection with affirmative defenses and a cross-complaint filed by CalTran against the Estate in a civil action pending in the Superior Court of California, County of San Benito, Case No. CU2300165 (the "Estate's Civil Action").

## JURISDICTION AND THE PARTIES

4. USAA is a corporation incorporated under the laws of Texas with its principal place of business located in San Antonio, Texas. USAA is a citizen of Texas.

5. Upon information and belief, Lisa Biakanja at all relevant times was a resident citizen of the County of Monterey, California. The Estate is consequently domiciled within the County of Monterey, California.

6. The Estate's co-administrators Kenneth M. McIntire and Joan McIntire are named in the capacities as co-administrators of the Estate. They may be necessary parties to this declaratory judgment action.

7. Upon information and belief, Steven Biakanja is, and at all relevant times was, a resident citizen of the County of Monterey, California.

**COMPLAINT FOR DECLARATORY JUDGMENT**

8. As the creditor in the Creditor's Claim, Steven Biakanja may be a necessary party to this declaratory judgment action and has been joined solely to be bound by the outcome of this case. No specific relief is sought against him. In the event he stipulates and agrees to be bound by the resolution of this case, USAA will seek to voluntarily dismiss him from this action.

9. The Estate has sought defense and indemnification from USAA in relation to the Creditor's Claim filed by Steven Biakanja.

10. In the Creditor's Claim, Steven Biakanja seeks damages he alleges resulted from the deaths of his three minor children: Benjamin Biakanja, Leigh Biakanja, and Lucy Biakanja ("the Children"). He seeks damages for (a) general damages; (b) economic damages; (c) medical and related expenses; (d) interest upon any judgment entered; (e) costs of suit; and (e) such further and additional relief as a trier of fact deems proper.

11. CalTran is a California public entity with its headquarters located in Sacramento, California and operations throughout the State of California. The Estate's Civil Action alleges that CalTran was operating within the County of San Benito at all times relevant to the allegations in the Estate's Civil Action.

12. The Estate's Civil Action names as additional plaintiffs Kenneth M. McIntire and Joan McIntire, both residents of San Benito County, California, individually, and on behalf of all wrongful death beneficiaries of Lisa Biakanja, Deceased. Kenneth M. McIntire and Joan McIntire, in these capacities, may be necessary parties to this declaratory judgment action and have been joined to be bound by the outcome of this case. No specific relief is sought against Kenneth M. McIntire and Joan McIntire in individual and wrongful death beneficiary capacities. In the event Kenneth M. McIntire and Joan McIntire stipulate and agree to be bound by the resolution of this case, USAA will seek to voluntarily dismiss Kenneth M. McIntire and Joan McIntire in their individual and wrongful death beneficiary capacities from this action.

13. As the defendant in the Estate's Civil Action, CalTran may be a necessary party to this declaratory judgment action and has been joined solely to be bound by the

outcome of this case. No specific relief is sought against CalTran. In the event CalTran stipulates and agrees to be bound by the resolution of this case, USAA will seek to voluntarily dismiss CalTran from this action.

14. The Estate has sought defense from USAA in relation to the affirmative defenses and a cross-complaint filed by CalTran in the Estate's Civil Action.

15. In the Estate's Civil Action, the Estate seeks various damages, including (1) special and compensatory damages; (2) prejudgment interest; and (3) costs of suit incurred in connection with the alleged wrongful death of Lisa Biakanja. CalTran seeks to apportion liability damages, if any, among other parties that contributed to Lisa Biakanja's death.

16. The amount in controversy with respect to the defenses of the Estate in the Creditor's Claim and against CalTran's claims, potential indemnification for the Creditor's Claim and relief sought by the Estate in the Estate's Civil Action exceeds $75,000.

17. Because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00, jurisdiction exists under 28 U.S.C. § 1332.

18. Venue is appropriate in this District. The Creditor's Claim and the Estate's Civil Action are pending in a California State court within this District and the incident underlying the Creditor's Claim and the Estate's Civil Action took place within this District.

## BACKGROUND

### The Automobile Collision and Creditor's Claim

19. On February 24, 2023, Steven Biakanja filed a creditor's claim ("the Creditor's Claim") in the probate action of the Estate of Lisa Biakanja, Case No. 22PR000599, proceeding in the Superior Court of California, County of Monterey. A true and correct copy of the Creditor's Claim is attached as **Exhibit A.**

20. The Creditor's Claim seeks damages allegedly resulting from an automobile collision on August 14, 2022.

21. The Creditor's Claim alleges that Steven Biakanja and Lisa Biakanja were the parents of three children: 12 year-old Benjamin Biakanja, 14 year-old Leigh Biakanja, and 14 year-old Lucy Biakanja.

22. The Creditor's Claim alleges that Lisa Biakanja was driving an automobile in San Benito County when she caused a head-on collision with a commercial vehicle.

23. The Creditor's Claim alleges Lisa Biakanja "so negligently, recklessly, willfully, and/or unlawfully operated her vehicle so as to cause a head-on collision with an oncoming eighteen-wheeler tractor trailer . . . ." Ex. A.

24. The Creditor's Claim also alleges that Lisa Biakanja "so negligently, wrongfully, recklessly, willfully, and/or unlawfully owned, operated, and/or maintained her vehicle so as to cause a head-on collision . . . ." Ex. A ¶ 5.

25. More specifically, Steven Biakanja alleges that Lisa violated California Vehicle Code §§ 22107 and 21460(a) by "driving a vehicle to the left of the double parallel solid yellow lines when such a movement could not be made with reasonable safety and without giving the appropriate signal when other vehicles may have been affected by the movement." Ex. A ¶ 3.

26. The Creditor's Claim alleges that, as a result of this collision, Lisa Biakanja and the Children died.

27. The Creditor's Claim alleges that the deaths of the Children were the result of Lisa Biakanja's "negligent, wrongful, reckless, outrageous, and/or unlawful conduct . . . ." Ex. A ¶ 6.

28. The Creditor's Claim alleges that, at the time of the automobile collision, Steven Biakanja and Lisa Biakanja were unmarried.

29. The Creditor's Claim alleges that, as a result of the collision, Steven Biakanja "has suffered and continues to experience the loss of BENJAMIN, LEIGH, and LUCY'S love, companionship, comfort, care, assistance, protection, affection, society, and moral support." Ex. A ¶ 6.

30. The Creditor's Claim alleges that "as further direct and legal result of BENJAMIN, LEIGH, and LUCY'S deaths, STEVEN has incurred funeral and burial expenses, and related medical expenses, in an amount to be determined at trial." Ex. A ¶ 7.

31. Through his Creditor's Claim, Steven Biakanja seeks: (1) general damages; (b) economic losses; (c) medical and related expenses; (d) interest upon any judgment entered as provided by law; (e) all costs of suit; and (f) such further and additional relief as a trier of fact deems proper.

32. USAA is defending the Estate in the Creditor's Claim under a reservation of rights.

33. USAA reserved the right to deny coverage based on the insuring language, exclusions, definitions, endorsements, or conditions contained in the Policy or under the law.

34. USAA reserved the right to commence and prosecute any legal action including but not limited to a declaratory relief action to obtain a judicial determination of whether the Policy affords coverage for any of the claims set forth in the Creditor's Claim and of USAA's obligation, if any, to provide a defense to the Creditor's Claim.

35. USAA reserved the right to seek reimbursement for any amounts expended by USAA in defending the Estate in connection with the Creditor's Claim which are determined to be not covered by the Policy.

### **Steven and Lisa's Divorce and the Parenting Order**

36. On February 16, 2016, Steven and Lisa Biakanja filed for dissolution of marriage in the lawsuit *Matter of Steve Biakanja and Lisa Biakanja*, Case No. 16FL000278, Superior Court of California, County of Monterey.

37. On February 6, 2018, the court entered a stipulation by the parties that Brenda D. Murdock was appointed as Parenting Coordinator empowered to make parenting decisions that are effective when made and will continue in effect unless modified or set aside by a court of competent jurisdiction.

38.  A Parenting Order was entered regarding the parenting schedule of the Children. A true and correct copy of the Parenting Order is included in **Exhibit B.**

39.  The Parenting Order sets two parenting plans: one for the school year and one for the summer.

40.  According to the school year plan, the Children would live with Steven Biakanja for three days out of seven for half of the weeks, and two days out of seven for the other half of the weeks. Ex. B. ¶ 4. This calculates to the Children living with Steven Biakanja for approximately 36% of the time and living with Lisa Biakanja approximately 64% of the time.

41.  According to the summer plan, the Children would live with Steven Biakanja for half the time and would live with Lisa Biakanja for half of the time.

### The Estate's Civil Action and CalTran's Response

42.  On August 8, 2023, the Estate filed the Estate's Civil Action, styled as *Estate of Lisa Biakanja, by and through its co-administrator, Kenneth M. McIntire; and Joan McIntire and Kenneth M. McIntire, individually, and on behalf of all wrongful death beneficiaries of Lisa Biakanja, Deceased v. The State of California Department of Transportation, a public entity, and Does 1 to 25, inclusive*, Case No. CU2300165, pending in Superior Court for the State of California, County of San Benito. A true and correct copy of the complaint filed in the Estate's Civil Action is attached as part of **Exhibit C.**

43.  On or about September 12, 2023, CalTran filed its answer and affirmative defenses in the Estate's Civil Action, including its Third Affirmative Defense, which asserted contributory negligence and apportionment against, *inter alia*, plaintiff and others, named or unnamed in the Estate's Civil Action. A true and correct copy of CalTran's Answer to Complaint filed in the Estate's Civil Action is attached as part of **Exhibit C.**

44.  Also on or about September 12, 2023, CalTran filed its cross-complaint in the Estate's Civil Action, styled as *California Department of Transportation v. Does 1 to 50* (the "Cross-Complaint"). A true and correct copy of CalTran's Cross-Complaint filed in the Estate's Civil Action is attached as part of **Exhibit C.**

**COMPLAINT FOR DECLARATORY JUDGMENT**

45.    The Cross-Complaint alleges that if CalTran is found liable in the Estate's Civil Action, then CalTran should be granted apportionment and contribution from any other party at fault in the death of Lisa Biakanja.

46.    The Estate sought from USAA a defense under the Auto Policy against CalTran's Cross-Complaint.

47.    On October 20, 2023, USAA denied the Estate's because the Auto Policy did not respond to the affirmative defenses or the Cross-Complaint.

48.    USAA reserved the right to assert any coverage defenses available to it under the Auto Policy and at law in response to the Estate's request, as well as any term, limitation, exclusions, condition or agreement in the Auto Policy.

49.    USAA reserved the right commence a declaratory judgment action as to USAA's obligations under the Auto Policy as to the Estate's tender of CalTran's claims.

## **POLICY ISSUED BY USAA TO LISA BIAKANJA**

50.    USAA issued policy no. 027490095R71010 to Lisa Biakanja for the period from March 1, 2022 to March September 1, 2022 (the "Auto Policy"). A true and correct copy of the Auto Policy is attached as **Exhibit D.**

51.    The Named Insured on the Auto Policy is Lisa Biakanja.

52.    The Auto Policy provides automobile liability coverage under PART A, for which the insuring agreement states the following, quoted in part:

*INSURING AGREEMENT*

*We will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.*

(Form 5100CA(02) Rev. 08-16 at p. 5 of 30).

53.    Part A's coverage is subject to the following exclusion, among others:

*EXCLUSIONS*

> A. **We** do not provide Liability Coverage for any **covered person**:
>
>   \*       \*       \*
>
>   13. For **BI** to **you** or any **family member**, nor do **we** provide coverage for any **covered person** for **BI** to **you** or any **family member** whenever the ultimate benefits of that indemnification accrue directly or indirectly to **any covered person**.

(Form 5100CA(02) Rev. 08-16 at pp. 6-7 of 30).

54. The Auto Policy defines the terms in boldface as follows:

> A. "**You**" and "**your**" refer to the "named insured" shown on the Declarations and spouse or registered domestic partner if a resident of the same household.
>
> B. "**We**," "**us**," and "**our**" refer to the Company providing this insurance.
>
>   \* \*       \*
>
> D. "**Bodily injury**" (referred to as **BI**).
>
>   1. "**Bodily injury**" means bodily harm, sickness, disease or death.
>   2. "**Bodily injury**" does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.
>
>   \* \*       \*
>
> F. "**Family member**" means a person related to **you** by blood, marriage, registered domestic partnership under California law, or adoption who resides primarily in **your** household. This includes a ward or foster child.
>
>   \*       \*       \*
>
> L. "**Property damage**" (referred to as **PD**)
>
>   1. "Property damage", except as modified in Part C, means physical injury to, destruction of, or loss of use of tangible property.
>   2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:
>
>      a. Stored as or on;
>      b. Created or used on; or
>      c. Transmitted to or from;

>   *computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*
>
>   \* \* \*
>
>   O. *"**Your covered auto**" means:*
>
>   1. *Any vehicle shown on the Declarations.*
>   2. *Any **newly acquired vehicle**.*
>   3. *Any **trailer you** own.*

(Form 5100CA(02) Rev. 08-16 at pp. 3-4 of 30).

55. Part A of the Auto Policy contains the following definition of "covered person":

>   *"**Covered person**" as used in this Part means:*
>   1. ***You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.*
>   2. *Any person using **your covered auto**.*
>   3. *Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or **trailer** other than **your covered auto**, this provision only applies if the other person or organization does not own or hire the auto or **trailer**.*

(Form 5100CA(02) Rev. 08-16 at pp. 4-5 of 30).

## COUNT I

## NO COVERAGE OWED TO THE ESTATE AS TO THE CREDITOR'S CLAIM BECAUSE OF THE FAMILY MEMBER EXCLUSION

56. USAA repeats and realleges the allegations in Paragraphs 1 through 55 as if fully set forth herein.

57. The Creditor's Claim alleges damages arising out of the Children's death in an automobile collision.

58. The Auto Policy's Family Member Exclusion bars coverage for "bodily injury" to "family members" of the named insured (i.e., Lisa Biakanja).

59. At the time of the automobile collision, the Children primarily resided in Lisa Biakanja's household.

60. The Children were Lisa Biakanja's "family members" within the Policy's definition of the term.

61. The Creditor's Claim seeks damages for "bodily injury" to "family members" of Lisa Biakanja, the Auto Policy's "named insured".

62. Because the Creditor's Claim seeks damages for "bodily injury" to "family members" of the Auto Policy's Named Insured, the Auto Policy's Family Member Exclusion bars coverage for the Creditor's Claim.

63. Furthermore, the Family Member Exclusion also bars coverage for any "covered person" for "bodily injury" to any "family member" when the ultimate benefits of that indemnification accrue directly or indirectly to any "covered person."

64. An indemnification of the Creditor's Claim would ultimately benefit the Estate of Lisa Biakanja.

65. The Estate of Lisa Biakanja is a "covered person" under the Auto Policy's definition.

66. Therefore, an indemnification of the Creditor's Claim would ultimately benefit a "covered person."

67. Because the Creditor's Claim seeks damages for "bodily injury" to a "family member" when the ultimate benefits of that indemnification accrue directly or indirectly a "covered person," the Auto Policy's Family Member Exclusion bars coverage for the Creditor's Claim.

## COUNT II

## NO COVERAGE OWED TO THE ESTATE AS TO CALTRAN'S AFFIRMATIVE DEFENSES AND CROSS-COMPLAINT BECAUSE THEY DO NOT SATISFY THE AUTO POLICY'S INSURING AGREEMENT

68. USAA repeats and realleges the allegations in Paragraphs 1 through 55 as if fully set forth herein.

**COMPLAINT FOR DECLARATORY JUDGMENT**

69. The Auto Policy's insuring agreement responds to claims or suits asking for "compensatory damages for [bodily injury] or [property damage] for which any **covered person** becomes legally liable because of an auto accident."

70. CalTran's affirmative defenses and Cross-Complaint are not claims or a suit for compensatory damages for bodily injury or property damage for which the Estate could become legally liable.

71. CalTran seeks to apportion liability that the Estate and wrongful death beneficiaries might otherwise be entitled to, not compensatory damages from the Estate.

72. Because the Auto Policy's insuring agreement is not satisfied, USAA has no duty to defend or indemnify the Estate or anyone else in connection with the affirmative defenses and Cross-Complaint filed in the Estate's Civil Action.

## COUNT III
## NO COVERAGE OWED TO THE ESTATE AS TO CALTRAN'S AFFIRMATIVE DEFENSES AND CROSS-COMPLAINT BECAUSE OF THE FAMILY MEMBER EXCLUSION

73. USAA repeats and realleges the allegations in Paragraphs 1 through 55 and 68 through 72 as if fully set forth herein.

74. In the alternative, if CalTran's affirmative defenses and Cross-Complaint were found to satisfy the Auto Policy's insuring agreement, then the Auto Policy's Family Member exclusion would apply to CalTran's affirmative defenses and Cross-Complaint.

75. Because the Estate's Lawsuit seeks damages for "bodily injury" to Lisa Biakanja and/or her Children when the ultimate benefits of that indemnification accrue directly or indirectly the Estate, the Auto Policy's Family Member Exclusion bars coverage for the Estate's Lawsuit and CalTran's affirmative defenses and Cross-Complaint.

WHEREFORE, USAA requests that the Court issue a declaratory judgment that:

(1) USAA has no duty to defend The Estate in relation to the Creditor's Claim or any other claims resulting from the automobile collision underlying the Creditor's Claim;

(2) USAA has no duty to indemnify The Estate in relation to the Creditor's Claim or any other claims resulting from the automobile collision underlying the Creditor's Claim;

(3) Grant any other relief as may be available under the Policy, at law or in equity.

DATED: October 31, 2023                    LITCHFIELD CAVO LLP

By /s/ G. David Rubin
G. David Rubin (SBN 181293)
Laurence J.W. Tooth (*pro hac vice* pending)
LITCHFIELD CAVO LLP
2 N. Lake Avenue, Suite 400
Pasadena, CA 91101-3003
Tel.:  626-683-1100
Fax:  626-683-1113
Email: rubin@litchfieldcavo.com
             tooth@litchfieldcavo.com

Attorneys for Plaintiff
The United Services Automobile Association

**COMPLAINT FOR DECLARATORY JUDGMENT**