UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON PROPERTY AND CASUALTY INSURANCE CO., <br><br>Plaintiff, <br><br>v. <br><br>JOAN MCINTIRE, et al., <br><br>Defendants. | Case No. 23-cv-05612-NW <br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br>Re: ECF No. 57 |

Plaintiff Garrison Property and Casualty Insurance Company d/b/a United States Automobile Association ("USAA" or "Plaintiff") sued Defendants the Estate of Lisa Biakanja by and through its co-administrators, and Kenneth M. McIntire and Joan McIntire, individually and on behalf of all wrongful death beneficiaries of Lisa Biakanja (collectively, "Defendants"). Plaintiff seeks a declaratory judgment finding that the automobile insurance policy it issued to Ms. Biakanja does not obligate USAA to defend or indemnify Ms. Biakanja's estate in connection with claims pending against the estate in state court. Compl., ECF No. 1; Amend. Compl., ECF No. 9 ("FAC").

On February 12, 2025, Plaintiff filed a motion for summary judgment. Mot., ECF No. 57. Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the motion hearing. ECF No. 70. Plaintiff's motion is GRANTED.

**I.     BACKGROUND**

USAA is a Texas corporation with its principal place of business located in San Antonio, Texas. FAC ¶ 4. Lisa and Steven Biakanja were the divorced parents of minor children Lucy, Leigh, and Benjamin Biakanja, all domiciled in the County of Monterey, California. Opp'n at 2.

On August 14, 2022, Ms. Biakanja and her three children were killed in a car accident in San Benito County. *Id*.

Ms. Biakanja held an auto policy from USAA, which was valid from March 1, 2022, to September 1, 2022. FAC ¶ 48. Subject to certain exclusions, the policy provides liability coverage for bodily injury or property damage "for which any covered person becomes legally liable because of an auto accident," and states that USAA will settle or defend any claim seeking damages covered by policy. *Id*., Ex. D. The policy states that it excludes bodily injury coverage for "you or any family member, nor do we provide coverage for any covered person for [bodily injury] to you or any family member whenever the ultimate benefits of that indemnification accrue directly or indirectly to any covered person." *Id*. The policy defines "family member" as "a person related to you by blood, marriage, registered domestic partnership under California law, or adoption who resides primarily in your household." *Id.*

On February 24, 2023, Mr. Biakanja brought a creditor's claim in the probate action of Ms. Biakanja's estate ("the Estate"),[1] seeking damages resulting from the car accident and for the wrongful death of their children. FAC ¶ 17. Kenneth McIntire, the children's grandfather, is a co-administrator of the Estate.[2] Opp'n at 2. On August 8, 2023, the Estate filed a civil action against the California Department of Transportation ("Civil Action").[3] FAC ¶ 40. The Department of Transportation filed affirmative defenses asserting contributory negligence and apportionment against Ms. Biakanja, through her Estate, and additionally filed a cross-complaint in the Civil Action ("Cross-Complaint"). *Id*. ¶ 41.

The Estate sought defense services from USAA under the auto policy for the creditor's claim, and the Cross-Complaint and affirmative defenses in the Civil Action. *Id.* ¶ 44. USAA is defending the Estate against the creditor's claim under a reservation of rights but denied the

---

[1] The creditor's claim is Case No. 22PR000599, and is proceeding in Superior Court, County of Monterey.

[2] Joan McIntire is not a co-administrator of the Estate. Answer, ECF No. 18.

[3] The Civil Action is Case No. CU2300165, and is proceeding in Superior Court, County of San Benito.

1  Estate's requested defense as to the Civil Action because, as USAA alleges, the claims do not fall
2  under the auto policy. *Id*. ¶¶ 30, 45.

3  On October 31, 2023, USAA initiated this action, seeking declaratory judgment that
4  USAA does not owe the Estate coverage for (a) the creditor's claim, and (b) the affirmative
5  defenses and Cross-Complaint. USAA now moves for summary judgment. Mot. at 1.

**II.     LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    DISCUSSION**

USAA's claims all turn on whether the exclusion from liability coverage of "family member[s]," defined as "a person related to you by blood . . . who resides primarily in your household," applies to bar coverage for the creditor's claim and the Civil Action. USAA argues that "[t]he Children are Lisa Biakanja's blood relatives who resided with her the majority of the year and resided with her at the time of their deaths." Mot. at 17. Defendants acknowledge the exclusion provision in the auto policy but argue that it does not apply. Opp'n at 2. Specifically, Defendants contend that "the policy language (resides primarily) d[oes] not address this common, shared custody circumstance," where the children resided with each parent at different times. *Id*.

The parties agree that the question presented – whether "resides primarily" applies to a shared custody and living circumstance – is a legal one, and that California law applies. Opp'n at 4; *see Nat'l Auto. & Cas. Ins. Co. v. Underwood*, 9 Cal. App. 4th 31, 36 (1992) ("The interpretation of an insurance policy, like any other contract where there is no conflicting extrinsic evidence, is a matter of law for the reviewing court's independent determination."). California courts have generally recognized that the term "reside" is not inherently ambiguous but does vary "according to the circumstances and facts of the case." *Allstate Ins. Co. v. Pira*, 2013 WL

1703381, at *7 (N.D. Cal. Apr. 19, 2013), *aff'd,* 608 F. App'x 496 (9th Cir. 2015) (citing *Utley v. Allstate Ins. Co.,* 19 Cal.App.4th 815, 821 (1993)); *see also Safeco Ins. Co. v. Gibson,* 211 Cal.App.3d 176, 181 (1989). "Courts are required to 'examine the particular circumstances of the case' before them in this process and assess whether the disputed terms are susceptible to multiple 'reasonable constructions.'" *Id*. at *8 (citing *Underwood,* 9 Cal. App. 4th at 40–42).

Here, no reasonable construction of the term "resides primarily" supports the conclusion that the Biakanja children did not reside primarily with Ms. Biakanja. As Defendants acknowledge, "the Biakanja children resided more often with their mother," and resided with her "when the accident happened." Opp'n at 9. The parties agree that "[t]he Children were estimated to have spent 56% of the year with Lisa Biakanja and 44% of the year with Steven Biakanja," and "[i]n the few years leading up to the Children's deaths, the Children were with Lisa Biakanja 60% of the time." Def's Response to Pl's Statement of Facts, ECF No. 67 (Fact Nos. 2, 5). Moreover, "Lucy Biakanja had been living with Lisa Biakanja exclusively since at least January 4, 2022." *Id*. (Fact No. 4). Regardless of how the Court evaluates where the children primarily resided – whether based on residence over the past few years since the divorce, residence in the last few months, or residence at the time of the accident – the children primarily resided with Ms. Biakanja. Therefore, the "family member" exclusion in the auto policy applies, and USAA is entitled to judgment as a matter of law.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion for summary judgment. The Court finds that USAA is entitled to declaratory judgment that it does not owe the Estate coverage for (a) the creditor's claim, and (b) the affirmative defenses and Cross-Complaint in the Civil Action.

**IT IS SO ORDERED.**

Dated: July 7, 2025

Noël Wise
United States District Judge